Dear Mr. Pierce:
We received your request on behalf of the Lafourche Parish Council regarding a resolution adopted by the council on February 8, 2000. This resolution authorizes the hiring by the council of a Council Clerk. You question if the salary and benefits authorized by the council for the Council Clerk, as indicated in the minutes of the council meeting, are applicable even though the resolution does not mention them.
A resolution can be defined as a formal expression of the opinion or will of an official body which is adopted by a vote of the official body. A resolution, as opposed to an ordinance, does not have the effect of law.
The Lafourche Parish Home Rule Charter specifically gives the governing authority the power to appoint a Council Clerk. The governing authority is further authorized to fix the Council Clerk's compensation. The President of the council, pursuant to the home rule charter, is specifically denied the power of setting the salary and benefits of the Council Clerk. Thus, it is our opinion that the Lafourche Parish Council has the authority to hire a Council Clerk and set his compensation. Compensation includes salary and benefits.
The minutes from the council meeting of February 8, 2000 indicate that the council agreed on hiring a Council Clerk and further set his salary at $32,000.00 plus benefits. Benefits, according to the minutes, include transportation. There are general rules of interpretation of laws and/or documents. In sum, if the meaning of the particular document at issue is clear on its face, there is no need to look further for interpretation of the document and there is no need to consider the intent of the drafters of the document. However, if the meaning is unclear or uncertain, one must consider the intent of the drafters. Additionally, a general statement or rule is of less authority than a specific statement or rule. See Robert's Rules of Order, 9th Edition, edited by Henry M. RobertIII and William J. Evans.
The resolution simply states, in general terms, that the Lafourche Parish Council agreed to hire a Council Clerk without even naming the person to be employed. The minutes of the meeting specifically identify the person and provide for the Council Clerk's salary and benefits. Thus, it is our opinion that because the resolution is unclear and is presented in very general terms, the minutes from the meeting can and should be considered to accurately express the will of the council. We further recommend that the Lafourche Parish Council use more specific language in future resolutions and/or ordinances.
Please note that the transportation expenses of the Council Clerk should be submitted to the council with some type of documentation, i.e. receipts. If not, the expense allowance should be treated as additional compensation and taxes must be withheld. If expense reimbursements are not adequately documented or treated as additional compensation, the payments may be in violation of Article 7, Section 14 of the Louisiana Constitution which prohibits the donation of public funds.
We trust that this adequately responds to your request. If you have any questions or comments, please contact our office.
With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/crt